Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Fax:(619) 330-1819

Attorneys for Plaintiffs, CHRISTOPHER MORRIS and MICHAEL SANTOLI

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MORRIS and MICHAEL SANTOLI, on behalf of themselves and all similarly situated persons, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC; CARRINGTON MORTGAGE HOLDINGS, LLC and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>CLASS ACTION COMPLAINT<br><br>1. Federal Labor Standards Act§16(b)<br>2. Violation of Labor Code sections 510 and 1198;<br>3. Violation of Labor Code sections 226.7(a) and 512(a) – Improper Meal Periods;<br>4. Violation of Labor Code section 226.7(a) – Improper Rest Periods;<br>5. Violation of Labor Code section 226(a) – Improper Wage Statements;<br>6. Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation;<br>7. Violation of Business and Professions Code section 17200, et seq. – Unfair Business Practices; |

## INTRODUCTION

1.      Comes the representative Plaintiffs, Christopher Morris ("Morris") and Michael Santoli ("Santoli") (collectively referred to as "Plaintiffs) file this lawsuit against Defendant, Carrington Mortgage Services, LLC and Carrington Mortgage Holdings LLC for themselves and all other similarly situated individuals, for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, the collective action provision of the FLSA, California Business and Professions Code §17200, et seq., and California Labor Code §§510, 1198, 201-203, 226, 226.7, 2699, et seq. committed by Carrington Mortgage Services, LLC and Carrington Mortgage Holdings, LLC (collectively, "Carrington" and/or "Defendant") which have deprived the named Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages.  The suit is brought on behalf of the named Plaintiffs and all others similarly situated, pursuant to both California law and § 216(b) of the FLSA.

## JURISDICTION AND VENUE

2.      Jurisdiction over Plaintiffs' federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material herein, Defendants Carrington Mortgage Services, LLC and Carrington Mortgage Holdings, LLC ("Carrington") has been actively conducting business in the State of California and within the geographic area encompassing the Central District of the State of California and its principal place of business is located within the district.

4.      Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code

are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiffs and Defendants.

5.     The Plaintiffs was an employee for the Defendants, and brings this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of himself and all others similarly situated because of Defendants' unlawful deprivation of Plaintiffs' rights to all wages owed. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq.*  Plaintiffs also seeks relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiffs and all others similarly situated for all wages owed.

6.     Defendants are in the business of selling loans to consumers.  Carrington operates its business throughout the country, including in the State of California.

7.     The similarly situated individuals include loan officers (or mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers) (hereinafter "Carrington Employees") who work for Carrington.  The Carrington Employees are expected to sell Carrington's products and services to customers in Carrington's retail locations. Defendant did not compensate Carrington Employees for all hours they worked, including, but not limited to failing to pay proper overtime, failed to compensate for missed meal/rest breaks in California, failed to reimburse, failed to provide proper pay stubs, pay wages on time, and pay all wags upon termination of the employment relationship.

8.     The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action").  The FLSA Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendants as loan officers (otherwise referred to as mortgage professionals, loan consultants, or any person carrying out the same duties as

loan officers), who worked from September 30, 2013 (three years prior to the filing date of *Ritenour v. Carrington Mortgage Services, LLC, et al*., Case No. 8:16-cv-02011 lawsuit as a result of tolling), at any time, through the date of judgment (hereinafter "the FLSA Employees"). The FLSA Action seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

9.    Plaintiffs also assert various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class"). The California Class Action is brought on behalf of all persons who have been, are and/or will be employed by Defendants, in the state of California, at any time, in the position of loan officers (otherwise referred to mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers) who worked from September 30, 2013 (three years prior to the filing date of *Ritenour v. Carrington Mortgage Services, LLC, et al*., Case No. 8:16-cv-02011 lawsuit as a result of tolling), through the date of judgment. The California class has claims based upon the same unlawful business practice of not paying Carrington Employees, their wages and/or compensation for all hours worked as required under the applicable federal law, in addition for failing to compensate Carrington Employees for meal and rest breaks under California law including the Labor Code, UCL, and Wage Orders. The California class also has claims based upon the illegal and unlawful business practices of a) failing to pay the California class overtime and premium wages owed for overtime hours worked including based on the legally required "regular rate" including any commission and/or bonus wage compensation. Plaintiffs are informed and believe, and based thereon alleges, that Carrington knew or should have known that Plaintiffs and the other Nationwide and California class members were entitled to receive a) premium wages for overtime compensation including that based on a regular rate that includes commission and/or bonus wages and that neither Plaintiffs

nor the California class were receiving all minimum wages due and owing under the law for overtime hours worked, and b) failing to timely pay the California class all wages owed upon discharge or resignation.  Plaintiffs and the other California class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204, c) failing to receive compensation for meal and rest breaks, and d) failing to provide Plaintiffs and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law.   In addition, and on information and belief, Plaintiffs and all similarly situated employees of Defendant, were regularly compelled to work overtime without proper compensation in order to meet certain goals, to generate more sales, to prevent loss of clientele, and to not properly compensate Plaintiffs and all other similarly situated employees for overtime wages. During this liability period, Plaintiffs and other similarly situated employees received commissions and nondiscretionary bonuses as well as an hourly rate as designated non-exempt employees. There is a systemic miscalculation of the overtime rate for compensation, which is predicated on Plaintiffs and all similarly situated employees' hourly rate and commissions/bonuses and Defendants failure to pay Plaintiffs and class members for all overtime worked.  On information and belief, Plaintiffs and all similarly situated employees assert that Defendants failed to pay Plaintiffs and class members overtime and failed to properly incorporate these commission and bonus payments and overtime worked but not paid into the regular rate of pay when calculating overtime compensation. This miscalculation in failing to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating Plaintiffs and all other similarly situated employees for overtime hours worked.  Additionally, on information and belief, overtime and these commissions and bonuses were not always paid to Plaintiffs and other similarly situated employees when earned or when due, thereby making Defendants liable for failing to timely pay commissions and bonuses

**CLASS ACTION COMPLAINT**

(or at times at all) and to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This failure to properly pay Plaintiffs and class members overtime, including the overtime based on failing to calculate commissions and bonuses into the regular rate also led directly to Defendants undercompensating Plaintiffs and other similarly situated employees for overtime hours worked. Defendant's failure to pay Plaintiffs and other similarly situated employees the unpaid balance of premium overtime compensation violates the provisions of California Labor Code sections 510 and 1194, as well as IWC wage order 4-2001 and the Federal Labor Standards Act ("FLSA"), which serves a predicate violation of California Business and Professions Code section 17200, et seq.

10. The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) missed meal and rest breaks, (iii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Carrington has terminated and who have not been timely paid all wages due to them upon termination of their employment, (iv) damages as permitted under California Labor Code Section 226, and (v) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

11. Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from the allegedly illegal conduct and for failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

12. The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as loan officers (or mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers) who worked the first shift of any day in the United States during the period of September 30, 2013 (three years from

the date of filing of *Ritenour v. Carrington Mortgage Services, LLC, et al.*, Case No. 8:16-cv-02011 as a result of tolling) through the date of judgment. Plaintiffs are citizens of the United States, and reside in the State of California and the State of Arizona.  At all times material herein, the named Plaintiffs have been employed by Defendants, in one of the positions of loan officers (otherwise referred to as mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers).  Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).

13.    The California class is maintained on behalf of a class of past, present and future employees of Defendants who have been employed as loan officers (or mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers) in the State of California at any time during the period four years prior to the date that this lawsuit was filed through the entry of judgment.

## THE PARTIES

14.    The named Plaintiffs, Christopher Morris is a citizen of the United States residing in the state of California.  Plaintiffs, Michael Santoli is a citizen of the United States and resides in the state of Arizona.  Plaintiffs, Christopher Morris has standing to pursue claims pursuant to California Business and Professions Code Section 17200 on behalf of public interest.  Plaintiffs, Christopher Morris is a former employee of Carrington, who worked for Carrington at in Orange County from in or about September 2017 to approximately April 2018.  He held the position of loan officer (otherwise referred to as mortgage professionals, loan consultant or any other person carrying out the duties of a loan officer) for Carrington. Plaintiffs, Michael Santoli is a former employee of Carrington, who worked for Carrington at in Arizona from in or about March 2017 to approximately October 2017. He held the position of loan officer (otherwise referred to as mortgage professionals, loan consultant) of Carrington. During his employment with Carrington, like other Carrington Employees, Plaintiffs regularly worked in excess of

eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek and Carrington Employees were not compensated for meal and rest breaks.  Plaintiffs have not been paid all wages owed to them for all hours worked as required under the FLSA and California law.

15.    Plaintiffs have been injured by the illegal practices and conduct alleged in this complaint.  Plaintiffs' claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

16.    On information and belief, Defendant Carrington Mortgage Services, LLC and Carrington Mortgage Holdings, LLC are each corporations incorporated in the State of Delaware with their worldwide headquarters located at Anaheim, California. Carrington Mortgage Services, LLC and Carrington Mortgage Holdings, LLC are qualified to and does do business in the State of California and nationwide.

17.    Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of and its employment practices applicable to Plaintiffs and the alleged class.

18.    Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

19.    At all times material to this action Defendants have been an "employer" of the named Plaintiffs, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

20.    The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

21.    Members of the California class are so numerous that joinder of all such members is impracticable.  Although the exact size of the California class is unknown, it is believed and alleged that the number of persons currently employed as loan officers (mortgage professionals or loan consultants) by Carrington in the State of California

number more than 50, and over the past four years, it is believed and alleged that Carrington has employed more than 500 persons as loan officers in the United States, including the State of California.  The number of current and former California-based employees of Carrington is so numerous that joinder is impracticable if not impossible.

22.    There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include Defendant's policy and practice of Defendant's systemic failure to include all overtime worked by Plaintiffs and the Class, proper premium overtime calculations for weeks where commission and/or bonus is earned; whether employees were paid for missed meal and rest breaks, whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

23.    The prosecution of separate actions by the California sub-class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

24.    Plaintiffs will fairly and adequately protect the interests of the California class because they and their counsel possess the requisite resources and abilities to prosecute this case as a class action.

25.    The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

26.    The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior

to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

    a.    Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

    b.    It is desirable to concentrate the litigation of the claims in this Court because Carrington does a substantial amount of business in this district;

    c.    This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

27.    Plaintiffs contemplate providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

28.    Plaintiffs also contemplate providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

## FIRST CLAIM FOR RELIEF FOR VIOLATION
## OF THE FAIR LABOR STANDARDS ACTION OF 1938
### (On Behalf of the FLSA Employees As Against Defendant)

29.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 28, above except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

30.    The FLSA regulates, among other things, the payment of overtime pay by employers. 29 U.S.C. § 207(a)(1).

31.    Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.

32.    Carrington is, and was, subject to this requirement to pay Carrington Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Commissions and bonus pay earned by Carrington Employees should be evaluated in determining the regular rate of pay and overtime rate of pay.  Defendants violated the FLSA by failing to pay Carrington Employees for overtime for all hours worked. The persons employed by Defendants as Carrington Employees in the United States regularly, and as a matter of policy and practice, worked and do work hours in which they are not paid overtime according the law.  Specifically, Defendant's company-wide policy does not pay its Carrington Employees overtime using the correct calculation methodology for the hours worked overtime.

33.    Carrington Employees frequently work in excess of forty (40) hours in a workweek, but Defendants do not pay Carrington Employees for overtime wages based on the correct regular and/or overtime rate.

34.    As a result, Defendants have deprived Plaintiffs and the other Carrington Employees of wages earned by not paying the Carrington Employees for all hours worked and not paying them premium wages owed for overtime hours worked which is based on the commissions earned during a particular pay period.

35.    Carrington's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal

to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

36.    The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of Defendants and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## SECOND CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code sections 510 & Industrial Welfare Commission Wage Order 4-2001, §3(A) – Unpaid Overtime and Double Time

**(On Behalf of the California Employees As Against Defendant)**

37.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 36 of this Complaint.

38.    At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

39.    At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

40.    At all times herein set forth, IWC Wage Order section 4-2001(3)(A), which is applicable to Plaintiffs and all other similarly situated employees employment by Defendants, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at

the rate of one-and-one-half (1 ½) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week. An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay. During this liability period, Plaintiffs and other similarly situated employees Plaintiffs received commissions as well as an hourly rate.

41. Plaintiffs and all similarly situated persons worked in excess of forty (40) hours per workweek for each workweek while employed by Defendant throughout the course of employment with Defendant, subject to any workweeks wherein Plaintiffs and class members missed workdays as a result of sick days, personal emergencies, or anything else that would otherwise interfere with workweek schedules. Defendant required Plaintiffs and the class to work but did not pay Plaintiffs and the class for all hours worked on any given day or in any of the given workweeks herein mentioned. Defendant failed to compensate Plaintiffs and all similarly situated persons for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendant, which occurred throughout Plaintiffs and all similarly situated persons course of employment with Defendant.

42. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

43. During the relevant time period, more specifically, three years dating back from the filing of the original Complaint, Plaintiffs and all other similarly situated employees worked in excess of eight (8) hours in one (1) work day and forty (40) hours in one (1) work week. During the relevant time period, more specifically, dating back three years from the filing of this Complaint, Plaintiffs and all other similarly situated

**CLASS ACTION COMPLAINT**

employees frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in one (1) work day.

44.    On information and belief, Plaintiffs and all similarly situated employees of Defendant, were regularly compelled to work off the clock and Defendant by and through its management and supervisors at the direction of Defendant created a policy to manipulate the time records to account for less hours than the total amount of hours actually worked by Plaintiffs and all similarly situated employees in order to meet certain goals, to generate more sales, to prevent loss of clientele, and to not properly compensate Plaintiffs and all other similarly situated employees for overtime wages.    More specifically, Plaintiffs' supervisors (and management) and supervisors (and management) of all similarly situated employees were fully aware that non-exempt employees were being forced to work off the clock and those same supervisors and management manipulated time records of Plaintiffs and other similarly situated employees to account for less hours than actually worked by Plaintiffs and all other similarly situated employees, which behavior was either implicitly or explicitly encouraged, condoned, and/or mandated by Defendant.

45.    During the relevant time period, Defendant failed to pay all premium overtime wages due to miscalculation in failing to properly incorporate commission payments into the regular rate of pay when calculating overtime, which directly led to Defendant undercompensating Plaintiffs and all other similarly situated employees for overtime hours worked.    Additionally, in information and belief, these commissions were not always paid to Plaintiffs and other similarly situated employees when earned or when due, thereby making Defendant liable for failing to timely pay commissions (or at times at all) and to properly incorporate these commission payments into the regular rate of pay when calculating overtime compensation.    This failure to properly pay commissions also led directly to Defendant undercompensating Plaintiffs and other similarly situated employees for overtime hours worked.    On information and belief,

there is a miscalculation of the overtime rate for compensation as well, which is predicated on Plaintiffs and all similarly situated employees hourly rate and commission. In addition, Defendant failed to pay double time wages owed to Plaintiffs and all other similarly situated employees for worked performed in excess of twelve (12) hours.  The same miscalculation by either not properly computing the overtime rate based on incorporating the commission payments into the regular rate of pay or delaying payment of commissions to Plaintiffs and all other similarly situated employees resulted in Plaintiffs and all other similarly situated employees from being undercompensated for worked performed in excess of twelve (12) hours at the double-time rate.

46.    During the relevant time period, Plaintiffs and all other similarly situated employees regularly performed "non-exempt" labor and therefore, are not deemed to be an "Independent Contractor". Defendants' failure to pay Plaintiffs and all other similarly situated employees the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and is therefore unlawful.

47.    Defendant's failure to pay Plaintiffs and similarly situated Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and 1198 and is therefore unlawful.  Pursuant to Labor Code section 1194, Plaintiffs and all other similarly situated employees are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

48.    Pursuant to Labor Code section 558, Plaintiffs and all other similarly situated employees are entitled to fifty dollars ($50.00) for each pay period for which the employee was underpaid.

49.    This is in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

### THIRD CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code sections 226.7, 512(a), and Industrial Welfare Commission Wage Order 4-2001, § 11 – Improper Meal Periods

### (On Behalf of the California Employees As Against Defendant)

50.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 49.

51.    At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

52.    At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

53.    At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

54.    The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

55.    During the relevant time period, Plaintiffs and all other similarly situated employees, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes.

56.     During the relevant time period, Plaintiffs and all other similarly situated employees, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.     Upon information and belief, during the relevant time frame, Defendant maintained and enforced an aggressive set of demands for these non-exempt employees with respect to the goals for its loan officers (otherwise referred to mortgage professionals, loan consultants, or any person carrying out the same duties as loan officers), thereby requiring Plaintiffs and all other similarly situated employees to interrupt or shorten their lawful meal periods of thirty (30) uninterrupted minutes while being relieved of all duty.   Plaintiffs and all other similarly situated employees were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

58.     Upon information and belief, during the relevant time frame, Plaintiffs and all other similarly situated employees did not receive meal periods; in addition, Defendant's work demands and pressure from Defendant's management, with specific knowledge and/or at the instruction of Defendant, as a result of an implemented policy, regularly required Plaintiffs and all other similarly situated employees to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes. Upon information and belief, during the relevant time frame, Plaintiffs and all other similarly situated employees often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts.   Additionally, Defendant instructed its management and

supervisors as a part of its schedule, policies, and demands required that Plaintiffs and all similarly situated employees falsely record meal periods under a threat (of not receiving wages, retaliation, termination, and other similar forms of threats) or that Defendant's management, supervisors, and other persons with authority of Defendant falsely recorded that meal breaks were offered, provided, and exercised by Plaintiffs and similarly situated employees, when in fact those meal breaks were not offered, provided or exercised by Plaintiffs and other similarly situated employees, which was made pursuant to Defendant's instructions.  During all relevant periods, Defendant illegally and unlawfully required Plaintiffs and members of the class to work through meal periods.  Wage orders required that Plaintiffs and the class members be compensated for the meal periods for which Defendant required Plaintiffs and the class members to work. Defendant did not provide Plaintiffs and class members with a meal break(s) during each workweek throughout the course of employment with Defendant. Defendant failed to compensate Plaintiffs and the class members for these meal periods worked on any given day or during any given workweek.  Despite the above-mentioned meal period violations, Defendants never compensated Plaintiffs, and on information and belief, never compensated all other similarly situated employees on additional hour of pay at their regular rate as required by California law when meal periods were not provided.

59.  Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, section 11(B), Plaintiffs and all other similarly situated employees are entitled to recover from Defendant one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

**FOURTH CLAIM FOR RELIEF FOR VIOLATION**

**Violation of Labor Code section 226.7(a) – Improper Rest Periods**

**(On Behalf of the California Employees As Against Defendant)**

60.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 59.

61.    At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

62.    At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

63.    IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

64.    Plaintiffs allege that Defendant did not provide Plaintiffs and all other similarly situated employees proper uninterrupted rest periods that they were legally entitled to.  Upon information and belief, during the relevant time frame, Defendant maintained and enforced a schedule and policies that due to business demands often required Plaintiffs and all other similarly situated employees to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.  Defendant instituted a company-wide policy that demanded Plaintiffs and all other similarly situated employees remain at their desk in order to generate more clientele and sales for Defendant.  In instituting Defendant's company-wide policy of no rest breaks, but only for the purpose of using the restroom, Defendant used its management and supervisors to ensure compliance.

During all relevant periods, Defendant illegally and unlawfully required Plaintiffs and members of the Class to work through rest periods.  Wage orders required that Plaintiffs and the class members be compensated for the rest periods for which Defendant required Plaintiffs and the class members to work. Defendant did not provide Plaintiffs and class members with a rest break(s) during each workweek throughout the course of employment with Defendant. Defendants failed to compensate Plaintiffs and the class members for these rest periods worked on any given day or in any given workweek. Despite the above-mentioned rest period violations, Defendant never compensated Plaintiffs, and on information and belief, never compensated all other similarly situated employees one additional hour of pay at their regular rate as required by California law for each day on which rest periods were not authorized or permitted.

65.    Defendant's conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

66.    Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiffs and the other Class Members are entitled to recover from Defendant one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.  Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and the other Class Members, were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 4-2001, section 12.  On shifts where Plaintiffs worked in excess of three and half hours, they were routinely not permitted and authorized to take lawful rest periods.  Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and the other Class Members, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands.  By failing to

authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

## FIFTH CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code section 226(a) – Improper Wage Statements

### (On Behalf of the California Employees As Against Defendant)

67.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 66.

68.    Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

69.     Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and the other Class Members were intentionally not provided accurate wage statements, pursuant to Labor Code section 226(a) by Defendant, because it was Defendant's intent to avoid paying Plaintiffs and all other similarly situated employees, the correct wages that Plaintiffs and all other similarly situated employees were legally entitled to in order for Defendant to generate greater profits at the expenses of Plaintiffs and all similarly situated employees.

70.     Defendant also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiffs and all other similarly situated employees, and such violations flow from Defendant's improperly policies and practices, their implementation and enforcement by Defendant, and the violations alleged in the preceding causes of action and herein.  More specifically, the miscalculation of the overtime rate based on the commission rate and hourly rate, off-the-clock hours worked, and premium wage payments for missed meal and rest breaks should have been itemized on the wage statements issued by Defendant to Plaintiffs and all similarly situated employees an constitutes a violation of California Labor Code section 226. Defendant's intentional conduct by failing to provide Plaintiffs and all similarly situated employees with accurate wage statements have caused Plaintiffs and all similarly situated employees to suffer injury in fact by depriving them of their wage records.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and all other similarly situated employees have been, would have been, and are compelled to discover for accuracy, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendant provided to them.   Given the violations addressed above and the resulting inaccuracies in the wage statements

provided by Defendant to Plaintiffs and all other similarly situated employees, Defendant have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked. Defendant's Labor Code section 226 violations further injured members of the Class by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders, and members of the Class have been accordingly rendered unaware of how to calculate such compensation.   Pursuant to California Labor Code §226(c), Plaintiffs issued a written request to copy, inspect, and/or receive copies of Plaintiffs employment file, including, but not limited to all documents supporting employment with Defendant, however Defendant intentionally failed to respond to the request.

71.    Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and all other similarly situated employees are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with Labor Code Section 226(a) or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

## SIXTH CLAIM FOR RELIEF FOR VIOLATION

### Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation
### (On Behalf of the California Employees As Against Defendant)

72.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 71.

73.    At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

74.    At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge

are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

75.    During the relevant time period, Defendant failed to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendant, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

76.    Defendant also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation form employment.  Labor Code sections 201 and 202 require Defendant to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiffs and all other similarly situated employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

77.    Defendant's failure to pay Plaintiffs and all other similarly situated employees, who are no longer employed by Defendant, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is in violation of Labor Code sections 201-203.

78.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an

action is commenced; but the wages shall not continue for more than thirty (30) days. Plaintiffs and all other similarly situated employees, who are no longer employed by Defendant, are entitled to recover from Defendant the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

## SEVENTH CLAIM FOR RELIEF FOR VIOLATION

### Violation of Business and Professions Code section 17200, et seq.

### (On Behalf of the California Employees As Against Defendant)

79.    Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 78.

80.    Defendant's conduct, as alleged herein, including not paying Plaintiffs and the other Class Members for all wages owed, including overtime wages, wages for missed meal periods and missed rest periods, not providing Plaintiffs and all other similarly situated employees with inaccurate wage statements; and not paying Plaintiffs and all other similarly situated employees all wages due upon separation from Defendant, has been, and continues to be unlawful and unfair, and harmful to Plaintiffs and all other similarly situated employees, and the general public.

81.    Defendant's activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

82.    Plaintiffs and all other similarly situated employees have been personally aggrieved by Defendant's unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

83.    Defendant has failed and refused to pay Plaintiffs and class members overtime wages in violation of the wage and hour overtime regulations established by

the Fair Labor Standards Act ("FLSA"), wherein Plaintiffs and all other similarly situated employees are non-exempt. More specifically, Defendants' conduct violated the FLSA by failing to pay overtime wages to Plaintiffs and all other similarly situated employees, who regularly worked in excess of forty (40) hours per workweek. Defendant has failed and refused to provide Plaintiffs and Class Members with meal and rest breaks in violation of the California Labor Code §§226.7(a) and 512.    Defendant has failed to reimburse Plaintiffs and class members business expenses pursuant California Labor Code §2800 and 2802.    Defendant has failed to provide Plaintiffs and similarly situated employees with accurate wage statements pursuant to California Labor Code section 226 as a result of failing to lawfully compensate Plaintiffs and similarly situated employees and failed to provide Plaintiffs and similarly situated employees with the wages owed upon separation pursuant to California Labor Code section 201-203. Defendant violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiffs and Class Members suffered an economic hardship in order for Defendant to pursue monetary gain.

84.    Plaintiffs and all other similarly situated employees seek restitution for Defendant knowingly and willfully (or should have known) that Plaintiffs and all other similarly situated employees were non-exempt employees, but refused to pay Plaintiffs and all similarly situated employees in order for Defendant to financially benefit from its illegal and unfair practices at the expense and work of Plaintiffs and all similarly situated employees.

85.    A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law.  In the instant case, Defendant has violated California labor laws and Defendant's conduct is in violation of the FLSA.

86.    Pursuant to Business and Professions Code section 17200, et seq., Plaintiffs and the other all other similarly situated employees are entitled to restitution of the overtime wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this Complaint; waiting time penalties; reimbursement; a

declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendant to pay all outstanding wages due to Plaintiffs and all other similarly situated employees.  Plaintiffs, individually, on behalf of all similarly situated employees, and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees which affects a significant public interest.

87.    Plaintiffs through this action are conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (on information and belief exceeds 1000 class members), there exists a necessity (Defendant has maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate, which should not in the interest of justice be taken out of any award since these any disgorgement or restitution to Plaintiffs and class members are owed to them as wages for time worked while employed by Defendant.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all other members of the Class, pray for relief and judgment against Defendant(s), as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the Class; and

3.    That counsel for Plaintiffs be appointed as Class Counsel.

### First Cause of Action

1.    Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and

all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2.    Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

3.    For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4.    For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5.    For attorneys' fees and costs as allowed by Section 16(b) of the FLSA; and

6.    Grant such other legal and equitable relief as may be just and proper.

Second Cause of Action

1.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2.    For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due pursuant to Labor Code sections 218.6 and 1194;

3.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to Labor Code sections 218.5 and 1194;

4.    For civil penalties pursuant to Labor Code section 558; and

5.    For such other and further relief as the Court may deem equitable and appropriate.

Third Cause of Action

1.    For payments pursuant to Labor Code section 226.7(b);

2.    For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem equitable and appropriate.

Fourth Cause of Action

1.     For payments pursuant to Labor Code section 226.7(b);

2.     For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem equitable and appropriate.

Fifth Cause of Action

1.     For all actual damages, according to proof;

2.     For statutory penalties pursuant to Labor Code section 226(e);

3.     For reasonable attorneys' fees and costs pursuant to Labor Code section 226(e); and

4.     For such other and further relief as the Court may deem equitable and appropriate.

Sixth Cause of Action

1.     For statutory penalties pursuant to Labor Code section 203;

2.     For pre-judgment interest on any unpaid wages from the date such amounts were due pursuant to Labor Code section 218.6;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem equitable and appropriate.

Seventh Cause of Action

1.     For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

2.     For restitution of "unpaid wages" to Plaintiffs and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

**CLASS ACTION COMPLAINT**

3.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;

6.    For reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5;

7.    For costs of suit incurred herein; and

8.    For such other and further relief as the Court may deem equitable and appropriate.

General Prayer for Relief for All Causes of Action

1.    For costs of suit incurred herein;

2.    For actual, consequential, and special damages;

3.    For restitution;

4.    For reasonable attorney's fees provided by contract or statute; and

5.    For such other and further relief as the court may deem equitable and appropriate.

DATED: August 16, 2018                    **NATHAN & ASSOCIATES, APC**

                                          BY:   /s/ Reuben D. Nathan
                                                Reuben D. Nathan, Esq.
                                                Attorneys for Plaintiffs,
                                                CHRISTOPHER MORRIS
                                                and MICHAEL SANTOLI